UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER BOGARD and ROBERT BOGARD,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MERCK & CO., INC., a New Jersey Corporation; McKESSON CORPORATION, a Delaware Corporation; DOES 1-50, inclusive,<br><br>　　　　Defendants. | No. C-06-6917 SC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY AND DENYING PLAINTIFFS' MOTION TO REMAND |

**I.   INTRODUCTION**

Upon removing this action to federal court, Defendant Merck & Co., Inc. ("Merck") filed a Notice of Pendency of Other Proceeding and a Motion to Stay the Proceedings. See Docket Nos. 1, 3, 5. Defendant seeks the stay in order to give the Judicial Panel on Multidistrict Litigation ("JPML") the opportunity to transfer the case to Multidistrict Litigation No. 1789, In Re: Fosamax Prods. Liab. Litig. Plaintiffs Jennifer and Robert Bogard opposed Merck's motion and filed a Motion to Remand. See Docket Nos. 9 and 10. For the reasons stated herein, the Court GRANTS Defendant's Motion to Stay and DENIES Plaintiffs' Motion to Remand without prejudice.

**II.  BACKGROUND**

Plaintiff Jennifer Bogard alleges that she ingested and was

injured by the prescription drug Fosamax, which is manufactured by Merck and marketed, distributed, and sold by Defendant McKesson Corporation ("McKesson"). See Complaint, Docket No. 10. Plaintiffs filed suit in the California Superior Court for the County of San Francisco. See Docket No. 10. Merck removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, alleging that McKesson, a California citizen, was fraudulently joined. See Docket No. 1.

### III. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863 (9th Cir. 1979).

### IV. DISCUSSION

Appropriate grounds for transferring a case to multidistrict litigation include promoting "the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). The issue of whether McKesson was fraudulently joined in order to destroy federal jurisdiction is identical to that posed in other Fosamax cases.

2

See Tanzer Decl., Docket No. 17 (including an order from <u>Morris v. Merck & Co., Inc. et al.</u>, a case from the Central District of California addressing the same issue and concluding that a stay was appropriate). As the <u>Morris</u> court and others have concluded, consideration of Plaintiffs' Motion to Remand and the issue of fraudulent joinder outside the JPML would foster "unnecessarily duplicative litigation, an inefficient use of judicial resources, and the risk of inconsistent results." <u>Stempien v. Eli Lilly and Co.</u>, 2006 WL 1214836, at *1 (N.D. Cal., May 4, 2006) (discussing the potentially fraudulent joinder of McKesson in the Zyprexa litigation). In the interests of judicial economy, the best results will be obtained by referring the case to Multidistrict Litigation No. 1789, <u>In Re: Fosamax Prods. Liab. Litig.</u> for resolution of this issue in coordinated pretrial proceedings.

## V. CONCLUSION

The Court GRANTS Defendant's Motion to Stay. All proceedings in this case are STAYED until issuance of a final decision by the JPML regarding transfer or for sixty (60) days, whichever is earlier. In addition, the Court DENIES Plaintiffs' Motion to Remand without prejudice to re-file in the event transfer is unsuccessful.

IT IS SO ORDERED.

Dated: February 6, 2007

_____
UNITED STATES DISTRICT JUDGE

3